1    **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2    Name  BACKES                PERRY

3          (Last)              (First)              (Initial)

     Prisoner Number    C-58738
4
     Institutional Address  P.O. Box 689, Soledad, CA 93960-0689
5

6
     _____

7                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
8
       Perry    Backes
9    (Enter the full name of plaintiff in this action.)

                                                    Case No. _____
10                            vs.
                                                    (To be provided by the clerk of court)
11   Ben Curry, Warden; Board of

     Parole Hearings; Governor                      **PETITION FOR A WRIT**
12                                                   **OF HABEAS CORPUS**
     Arnold Schwarzenegger
13

14   (Enter the full name of respondent(s) or jailer in this action)

15

16               Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

     PET. FOR WRIT OF HAB. CORPUS          - 1 -

1    <u>Who to Name as Respondent</u>

2        You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11        1. What sentence are you challenging in this petition?

12            (a)    Name and location of court that imposed sentence (for example; Alameda

13                   County Superior Court, Oakland):

14            Superior Court of Cal.      Pomona, CA.

15            County of L.A. - Dept. East "F"
                   Court                         Location

16            (b)    Case number, if known  A - 529217

17            (c)    Date and terms of sentence 12/29/82 25-to-life

18            (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                   parole or probation, etc.)        Yes XX      No ____

20                   Where? Correctional Training Facility, Soledad,

21                   Name of Institution: _____

22                   Address: P.O. Box 689, Soledad, CA 93960-0689

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26            P.C.  187  1st Degree Murder

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                      Yes XX      No _____

    Preliminary Hearing:         Yes XX      No _____

    Motion to Suppress:         Yes _____    No XX

4. How did you plead?

    Guilty XX    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?          Yes _____    No _____

7. Did you have an attorney at the following proceedings:

| | | | | |
|---|---|---|---|---|
| (a) | Arraignment | Yes XX | No _____ |
| (b) | Preliminary hearing | Yes XX | No _____ |
| (c) | Time of plea | Yes XX | No _____ |
| (d) | Trial | Yes _____ | No _____ |
| (e) | Sentencing | Yes XX | No _____ |
| (f) | Appeal | Yes _____ | No _____ |
| (g) | Other post-conviction proceeding | Yes _____ | No _____ |

8. Did you appeal your conviction?          Yes _____    No XX

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal          Yes _____    No _____

        Year: _____    Result:_____

        Supreme Court of California    Yes _____    No _____

        Year: _____    Result:_____

        Any other court          Yes _____    No _____

        Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1            petition?                                        Yes _____    No_____

2        (c)    Was there an opinion?                         Yes _____    No_____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                             Yes _____    No_____

5            If you did, give the name of the court and the result:

6            _____

7            _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?          Yes _XX_    No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17            questions for each proceeding. Attach extra paper if you need more space.

18        I.    Name of Court: _Superior Court of Los Angeles_

19            Type of Proceeding: _Writ of Habeas Corpus_

20            Grounds raised (Be brief but specific):

21            a. _See Page 4a. "a"_

22            b. _See Page 4a "b"_

23            c. _See Page 4a "c"_

24            d._____

25            Result: _Denied_                    Date of Result: _8/3/2007_

26        II.   Name of Court: _Second District Court Appeal, L.A., CA_

27            Type of Proceeding: _Writ of Heabeas Corpus_

28            Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1  9.(a)I.a. Petitioner's State and Federal Right to Due Process

2  was violated when the Board relied on the Predictive

3  value of the circumstances of his 24 year old offense

4  in the face of more than 2 decades of exemplary

5  imprisonment and rendered a decision unsupported by

6  any evidence.

7  b. Petitioner's State and Federal Right to Due Process

8  was violated when the Board relied on elements of his

9  offense dismissed at Plea to deny parole depriving

10  Petitioner of the benefit of his Plea Agreement to a

11  Single Count of First Degree Murder.

12  c. Petitioner's State and Federal Right to Due Process

13  and Equal Protection were violated by the Board's

14  policy of Underinclusion to All Parole Eligible Life

15  Prisoners.

1    a. See page 4a  same as I.a.

2    b. See page 4a  same as I.b.

3    c. See page 4a  same as I.c.

4    d.

5    Result: Denied _____ Date of Result: 10/16/2007

6    III.   Name of Court: Supreme Court of California

7    Type of Proceeding: Petition for Review

8    Grounds raised (Be brief but specific):

9    a. See page 4a  "a" same as I.a.

10   b. See page 4a  "b" smae as I.b.   *SAme*

11   c. See page 4a  "c" same as I.c.

12   d.

13   Result: Denied _____ Date of Result: 12/26/2007

14   IV.    Name of Court: _____

15   Type of Proceeding: _____

16   Grounds raised (Be brief but specific):

17   a. _____

18   b. _____

19   c. _____

20   d. _____

21   Result: _____ Date of Result: _____

22   (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23   Yes _____   No XX

24   Name and location of court: _____

25   B. GROUNDS FOR RELIEF

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: Petitioner's State and Federal Right to Due Process

6  was violated when the Board relied on the predictive value of

7  the circumstances of his 24 year old offense in the face of

8  more than 2 decades of exemplary imprisonment and rendered a

9  decision unsupported by any evidence.

10      Supporting Facts: See page no. 9

11  Claim Two: Petitioner's State and Federal Right to Due

12  Process was violated when the Board relied on elements of his

13  offense dismissed at Plea to deny Parole depriving Petitioner

14  of the benefit of his Plea Agreement to a Single Count of

15  First Degree Murder.

16      Supporting Facts: See page no. 12

17  Claim Three: Petitioner's State and Federal Right to Due

18  Process and Equal Protection were violated by the Board's

19  Policy of Underinclusion to ALL Parole Eligible Life

20  Prisoners.

21      Supporting Facts: See page no. 14

22

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _____

5    _____

6    _____

7    Do you have an attorney for this petition?                    Yes_____    No XX

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on March 27, 2008                    _Perry Backes_____

14                    Date                          Perry Backes
                                                    Signature of Petitioner In Pro Per

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

1

## INTRODUCTION

2  The Board of Parole Hearings (hereinafter "Board") has now
3  denied parole to Petitioner six (6) times despite his lack of a
4  previous record of violence, his stable social history, nearly
5  twenty-five (25) years of exemplary behavior, three (3) market-
6  able skills, and realistic parole plans as well as numerous
7  professional opinions by C.D.C.R. psychologists concluding that
8  he represents "no higher risk of violence than the average
9  citizen." These denials rely on the unchanging factors of the
10 offense despite the failure of the Board to show a nexus between
11 the unchanging facts and Petitioer's current risk to society
12 and in violation of his plea to a single count of murder in the
13 first degree with a dismissal of all other counts. These
14 denials are also made without regard for the overwhelming
15 evidence of suitability before the Board, including regular
16 positive progress reports and psychiatric reports, which estab-
17 lish Petitioner's sincere remorse, and his profitable use of
18 his time in prison to reevaluate his life and acquire the skills
19 he needs to make positive changes in his life. As a result,
20 Petitioner has now served beyond the term envisioned by the
21 sentencing court in accordance with his individual culpability
22 when he accepted responsibility for his actions and pled guilty
23 to a single count of first degree murder. As such, the Board's
24 conduct is in violation of Petitioner's State and Federal right
25 to due process and the State Court's finding otherwise, violated
26 28 U.S.C.  2254(d)(1)(2) (Williams v. Taylor 529 U.S. 362;
27 Lockyer v. Andrade, 538 U.S. 63; Taylor v. Maddox 366 F.3d 992 ;
28 Irons v. Carey (9th Cir. 2007) 505 F.3d 486, 850 [Irons II]).

STATEMENT OF THE CASE

On September 11, 2006 Petitioner appeared before the California Board of Parole Hearings for his sixth (6) parole consideration hearing and was found unsuitable for parole. There being no administrative appeal process, Petitioner filed a Petition for Writ of Habeas Corpus to the Los Angeles Superior Court [case no. BH004781] on May 29, 2007.  On August 3, Petitioner's writ was denied.

On October 15, 2007 Petitioner filed a Petition for Writ of Habeas Corpus to the Second District Court of Appeal [case no. B202749].  On October 16, 2007 that court denied Petitioner's writ.

On October 23, 2007 Petitioner mailed a Petition for Review to the Supreme Court of California [case no. S157607].  On December 26, 2007 Petitioner received a denial from the Supreme Court of California.

Petitioner, having exhausted California administrative and judicial remedies, now petitions this court for relief.

CLAIM ONE: SUPPORTING FACTS

In their 9/11/06 decision the Board denied Petitioner Parole finding that even though it was "well aware of the fact that the crime is something that you cannot change." the crime was "especially cruel, cold, calculated and callous."  The Board offered no reasoning as to how these unchanging facts make Petitioner a current unreasonable risk to society in the face of his more than two decades of model behavior, personal growth, sincere remorse and unanimous positive psychological evaluations. The Board also inexplicably found that Petitioner had an

9

1 "unstable social life" because he had moved a lot as a child,
2 despite the evidence presented at the hearing that Petitioner
3 had lived at the same address, in the same residence, with the
4 same family members, and dated the same girlfriend who became
5 his fiancee for five (5) years prior to the offense.

6    The Board also found that he needed "good parole plans"
7 because he "couldn't go back to live with his mother," who has
8 a criminal record, despite the testimony at the hearing that
9 Petitioner's mother planned to move back to Arkansas upon his
10 release to avoid any problems.  The Board finished by finding
11 that he needed some acceptable employment plans as well, despite
12 being informed that Petitioner had a job offer working for his
13 step-father as well as the three (3) marketable skills the
14 Board had acknowledged he had acquired during his incarceration.

15    Therefore, all of the Board's conclusions are unsupported
16 by any evidence whatsoever in the record. Furthermore, the
17 evidence of record clearly supports Petitioner's suitability
18 and refutes the stated reasoning of the Board.

19    Petitioner's commitment offense is the result of an ill-
20 conceived robbery plot.  There is no evidence of any intent to
21 harm the victim.  In order to justify a parole denial, an
22 offense must be "especially heinous, atrocious or cruel." (Cal.
23 Code Regs. Tit. 15 § 2402(c)(1)). The California Supreme Court
24 has held that offenses must be judged against other similiar
25 offenses and found to be "particularly egregious" in order to
26 justify parole denial. (In re Rosenkrantz (2002) 29 Cal.4th 616,
27 683 quoting In re Ramirez (2001) 94 Cal.App.4th 549)  The
28 California Supreme Court has let stand, and refused to de-

10

1  publish, a ruling holding that "striking a robbery victim may,
2  of course, show an especially heinous, atrocious or cruel
3  robbery, but does not necessarily show an especially brutal
4  first degree murder." (In re Elkins (2006) 50 Cal.Rptr.3d 503,
5  518)  Compared to other first degree murders, like Elkin s',
6  Petitioner's crime does not stand out and even if it was found
7  to be particularly egregious it still would not constitute
8  "some evidence" of unsuitability after nearly twenty five (25)
9  years of exemplary imprisonment. (Id. at 518-520)

10     Both State and Federal Courts have repeatedly held that
11  relying upon a crime as an indicator of a prisoner's dangerous-
12  ness may be reasonable at first.  However, over the passage of
13  time and in the face of exemplary behavior by the prisoner, the
14  circumstances of the offense will no longer be a reliable
15  predictor of future behavior. (Irons II, 505 F.3d 846; Hayward
16  v. Marshall (9th Cir. 2008) 2008 DJDAR 93; Martin v. Marshall
17  (N.D. Cal. 2006) 431 F.Supp.2D 1038; Elkins, supra)

18     Petitioner has worked or attended educational courses
19  throughout his incarceration.  He has completed Vocational
20  courses in Mechanical Drafting, Architectural Drafting, and
21  Computer Electronics (Refurbishing and Repair). His instructor's
22  have noted his "strong work ethic," "initiative", and "positive
23  attitude".  Petitioner has made a sincere commitment to self-
24  improvement throughout his incarceration by participating in
25  every available self-help program including A.A./N.A., Life
26  Skills Group, Friends Outside Parenting Program, and Entrepren-
27  eurship Development Class. His personal growth as a result of
28  these programs has been documented by C.D.C.R. psychologists.

1 Dr. M. Macomber has noted "I have not interviewed many lifers
2 that have expressed deeper feelings of sorrow and guilt than
3 inmate Backes", and concludes that out of 100 parolees Petition-
4 er would be expected to do better than 99 of them. After more
5 than two decades of personal growth Petitioner's crime is
6 clearly no longer "some evidence" that he would pose an unreas-
7 onable risk to public safety while on supervised parole. In
8 fact, all of the evidence introduced during the hearing is
9 indicative of Petitioner's suitability and the Failure of the
10 Board to properly consider it as such deprived him of the
11 "individualized consideration" required by Due Process.
12
13 CLAIM TWO: SUPPORTING FACTS
14      In California, a plea agreement must be construed or inter-
15 preted in accordance with state contract law. (Buckley v.
16 Terhune (9th Cir. 2006) 444 F.3d 688, 695) Concerning plea
17 agreements, the focus must be on the defendant's "reasonable
18 understanding" of the terms which induced him to plead guilty.
19 (Brown v. Poole (9th Cir. 2003) 337 F.3d 1155, 1160, quoting
20 U.S. v. DelaFuente (9th Cir. 1993) 8 F.3d 1333, 1337) Also,
21 under California law, contracts include implied terms, such as
22 applicable laws and statutes. (Cal. Civil Code § 1656) Therefore,
23 California Penal Code § 3041, which states that parole shall
24 "normally" be granted is an implied term of Petitioner's plea
25 agreement. Furthermore, both State and Federal Law recognize
26 that plea agreements are based on "reciprocal benefit", and that
27 the benefit for defendants is "lessened punishment" (People v.
28 Collins (1978) 21 Cal.3d 214; People v. Walker (1991) Cal.Rptr.

12

1 2d 902; <u>Brady v. United States</u> (1970) 397 U.S. 742)

2   At this point in time, more than two decades after granting
3 the State the benefit of his uncontested imprisonment, the
4 Board has repeatedly deprived Petitioner of the benefit of his
5 plea to a single count of murder by continually relying on the
6 dismissed counts to deny parole. It is unreasonable to conclude
7 that when Petitioner agreed to the terms of his plea contract,
8 his reasonable understanding of that contract was other than
9 that, barring misconduct on his part, he would be granted parole
10 and have his term set according to the matrix for a single count
11 of first degree murder. No rational defendant would have agreed
12 to these terms if he believed that the Board could and would
13 deny parole in perpetuity based solely on the unchanging factors
14 of the offense including the counts that were dismissed.

15   Furthermore, mere consideration for parole cannot be consid-
16 ered a benefit when unchanging facts can justify a denial. The
17 only        tangible benefit of a plea agreement to a term to
18 life sentence is release based upon the conduct and attitude of
19 the defendant.

20   This is not a question of        "some evidence", this is a
21 question of contract law. If the executive branch of government
22 is allowed to consider an offense as more serious than stipulated
23 at plea, that action would deprive plea convicted prisoners of
24 the reduced punishment that is the basis of their plea contract.
25 The "some evidence" standard set forth in <u>Rosenkrantz</u> and
26 <u>Dannenberg</u> arise out of jury trial convictions where the Board's
27 "some evidence" standard was found to be less stringent than the
28 juries "reasonable doubt" standard. That is not the issue with

13

1 | plea convictions, which involve the failure of the Board, as a
2 | member of the State and therefore a party to the plea, to
3 | follow the terms of the agreement.

4 |

5 | **CLAIM THREE: SUPPORTING FACTS**

6 | Having established that the Board's decision is in violation
7 | of Petitioner's plea agreement as well as is unsupported by any
8 | or even a modicrum of, evidence presented thus at hearing or in
9 | the record, it follows that the Board has adopted some standard
10 | other than that which is required by law and regulation. Petit-
11 | ioner asserts that if an evidentiary hearing is held and all of
12 | the Board's parole decisions during the monyh of Petitioner's
13 | hearing are examined, in excess of 90 percent of them will be
14 | denials and all of these denials will be based on a finding
15 | that the crime was particularly egregious. In addition, any
16 | parole grants will have been made despite previous findings of
17 | the particularly egregious nature of the unchanging facts of the
18 | offense. Such evidence will indicate an unlawful, underground
19 | policy of underinclusion in violation of the State and Federal
20 | Constitutions.

21 |

22 | **CONCLUSION**

23 | Accordingly, the state courts determination resulted in a
24 | decision that was contrary to, and involved an unreasonable
25 | application of, clearly established federal law, as determined
26 | by the Supreme Court of the United States; and resulted in a
27 | decision that was based on an unreasonable determination of the
28 | facts in light of the evidence presented in the State court

*14*

1  proceeding." 28 U.S.C. § 2254(d).

2      Based on the foregoing, it is respectfully requested that
3  this court issue a Writ of Habeas Corpus, or issue an order to
4  show cause, directed to the Board, to inquire into the legality
5  of Petitioner's incarceration, appoint counsel, and after brief
6  -ing, and if necessary, an evidentiary hearing, issue an order
7  to release Petitioner and direct such further relief as is
8  appropriate under the constitution and circumstances.

9

10  Dated: March 27, 2008        Respectfully submitted,

11

12

13                              Perry Backes
                                Perry Backes
14                              Petitioner In Pro Per

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ (1013(A), 2015,5)

I, _Perry BACKES_ , declare:

I am over 18 years of age and I am party to this action.  I am

a resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My address is:

_Perry BACKeS_ , CDCR #: _C~58738_
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _B-243 y_

on _MArch 27, 2008_ , I served the attached:

_U.S. District Ct., NorthernDistrict Petition for A Writ of Habeas Corpus._

on the parties herein by placing true and correct copies thereof,

enclosed in a sealed envelope (verified by prison staff), with

postage thereon fully paid, in the United States Mail at the

hands of prison staff as per the Mailbox Rule.  The envelope

was addressed as follows:

CLerk of the Court
U.S. District Court
Northern District of CA.
P.O. Box 36060
450 Golden Gate Avenue
SAN FrANcisco, CA.
94102

Attorney General
455 Golden Gate Ave.
#11000
SAN FrANcisco, CA.
94102-3664

    I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on: _MArch 27, 2008_ .

_Perry Backes_
Perry BAckes
Petitioner
Declarant, In Pro Per

Clerk of the Court
U.S. Dist. Ct of No. District

March 26, 2008

Please Find enclosed 2 sets of:

1. Writ of Habeas Corpus
   (with Proof of Service Form)

E-filing

2. Application to Proceed in Forma Pauperis
   (with Copy my trust statement)

CV 08    2004    MMC    (PR)

Please conform 1 set of the above filings are return to me.

Thank you for your time and curtesy,

Perry Backes
C-58738
P.O.Box 689, B-243
Soledad, CA.
93960-0689

VALLEY ADULT SCHOOL
USE BOTH SIDES

P.O. Box 689, B-243
Soledad, CA. 93960-0689



Clerk of the Court
U.S. Dist. Ct. - No. Dist. of
450 Golden Gate Ave.
P.O. Box 36060
San Francisco, CA.
94102

P. BRUKER  L-90138
P.O. Box 689, 8-243
Soledad, CA 93960-0689

RECEIVED

APR 10 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Pro Se

Clerk of The Court
U.S. District Court
Northern District of C
450 Golden Gate Ave
P.O. Box 36060
San Francisco, CA
94102