IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY BACKES, ) | No. C 08-2004 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| ) | |
| v. ) | |
| ) | |
| BEN CURRY, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On April 17, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2006 decision by the California Board of Prison Hearings ("Board") to deny petitioner parole. Thereafter, respondent filed an answer to the petition and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed supplemental briefs explaining their views of how the Hayward en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in

1  Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the
2  constitutionally required standard of review applicable to the "some evidence" claim raised
3  by petitioner herein.
4         For the reasons discussed below, the petition will be denied.

## BACKGROUND

6         In 1982, in the Superior Court of Los Angeles County ("Superior Court"), petitioner
7  pleaded guilty to first degree murder. He was sentenced to a term of twenty-five years to life
8  in state prison. Petitioner did not appeal his conviction.
9         Petitioner's sixth parole suitability hearing, which is the subject of the instant petition,
10 was held on September 11, 2006. At the conclusion of the hearing, the Board, after having
11 reviewed the facts of the commitment offense, petitioner's social and criminal history, his
12 employment, educational and disciplinary history while incarcerated, and his mental health
13 reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk
14 of danger to society or threat to public safety if released from prison. (Resp't Answer to
15 Order to Show Cause ("Answer") Ex. 3 (Ct. App. Pet.) Ex. A ("Parole Hearing Transcript")
16 at 61-71).)[1]

17        After he was denied parole, petitioner filed a petition for a writ of habeas corpus in the
18 Superior Court, challenging the Board's decision. In an opinion issued August 3, 2007, the
19 Superior Court denied relief, finding the Board properly applied state parole statutes and
20 regulations to find petitioner unsuitable for parole, and that some evidence supported the
21 Board's decision. (Answer Ex. 3 Ex. G.) Petitioner then filed a petition for a writ of habeas
22 corpus in the California Court of Appeal; the petition was summarily denied on October 16,
23 2007. (Answer Ex. 4). Petitioner filed a petition for review in the California Supreme Court;
24 the petition was summarily denied on December 17, 2007. (Answer Ex. 6.)
25        Petitioner next filed the instant petition, in which he claims the Board did not provide
26 him with a hearing that met the requirements of federal due process. In particular, petitioner

---

[1] Unless otherwise noted, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

1 claims the Board's decision to deny parole was not supported by some evidence that 2 petitioner at that time posed a danger to society if released, but, instead, was based solely on 3 the unchanging circumstances of the commitment offense.  Additionally, petitioner claims 4 the Board's decision violated the terms of petitioner's plea agreement, and violated his 5 federal constitutional rights to due process and equal protection because the Board has a 6 policy of not granting parole to prisoners convicted of first degree murder.

## DISCUSSION

A.   Standard of Review

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000).  Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, both the California Court of Appeal and California Supreme Court summarily denied petitioner's claims.  The Superior Court thus was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews under § 2254(d).  See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

3

1  B.     Petitioner's Claims

2      1.     Denial of Due Process Based on Insufficient Evidence to Deny Parole

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

As noted, petitioner claims the Board's decision to deny him a parole date violated his federal constitutional right to due process because the decision was not supported by some evidence that petitioner at such time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense. Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

When a state creates a liberty interest, the Due Process Clause requires fair procedures

4

1 for its vindication, and federal courts will review the application of those constitutionally
2 required procedures. Id. at 862. In the context of parole, the procedures necessary to
3 vindicate such interest are minimal: a prisoner receives adequate process when "he [is]
4 allowed an opportunity to be heard and [is] provided a statement of the reasons why parole
5 was denied." Id. "The Constitution," [the Supreme Court has] held, "does not require
6 more." Id.

7 Here, the record shows petitioner received at least the process found by the Supreme
8 Court to be adequate in Cooke. See id. (finding process adequate where petitioners "were
9 allowed to speak at their parole hearings and to contest the evidence against them, were
10 afforded access to their records in advance, and were notified as to the reasons why parole
11 was denied"). Specifically, the record shows the following: petitioner was represented by
12 counsel at the hearing (Answer Ex. 3 Ex. A at 2:1-2); petitioner and his counsel were
13 provided in advance of the hearing with copies of the documents reviewed by the Board and
14 also submitted additional documents for the Board's review (id. at 6:18-22, 7:4-19); the
15 Board read a summary of the commitment offense into the record, and discussed with
16 petitioner the circumstances surrounding his commission of the offense, his feelings about
17 the offense and his insights into his behavior, and his social and criminal background (id. at
18 8:9-25:24); the Board discussed petitioner's achievements and disciplinary record while
19 incarcerated, the mental health reports prepared for the hearing, and petitioner's parole plans
20 (id. at 26:2-55:14); both petitioner and his counsel made statements advocating petitioner's
21 release (id. at 55:17-60:8); petitioner received a thorough explanation as to why the Board
22 denied parole (id. at 61-71).

23 Further, because California's "some evidence" rule is not a substantive federal
24 requirement, whether the Board's decision to deny parole was supported by some evidence of
25 petitioner's current dangerousness is not relevant to this Court's decision on the instant
26 petition for federal habeas corpus relief. Cooke, 131 S. Ct. at 862-63. The Supreme Court
27 has made clear that the only federal right at issue herein is procedural; consequently, "it is no
28 federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure

5

beyond what the Constitution demands) was correctly applied." Id. at 863.

As the record shows petitioner received all the process to which he was constitutionally entitled, the Court finds no federal due process violation occurred, and accordingly, habeas corpus relief will be denied on this claim.

2.   Breach of Plea Agreement

Petitioner next argues that the Board's determination that petitioner was not suitable for parole violated the plea agreement petitioner entered in 1982 in connection with his guilty plea.

Although petitioner raised the instant claim in each of his state habeas petitions, no state court has addressed the claim in a reasoned opinion. Where there is no reasoned decision and, as here, the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-84 ( 2011).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an "independent review" of the record. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). An "independent review" of the record "is not de novo review of the constitutional issue, but rather, the only method by which [the federal court] can determine whether a silent state court decision is objectively unreasonable." See id. In conducting such a review, "a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 131 S. Ct. at 786. Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Id. at 784.

Here, petitioner claims that by pleading guilty to first degree murder, he had a reasonable expectation that the Board would not rely on dismissed charges when considering his parole eligibility. "[D]ue process rights conferred by the federal constitution allow [a

6

defendant] to enforce the terms of [his] plea agreement." Brown v. Poole, 337 F. 3d 1155, 1159 ( 9th Cir. 2003). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); see also Brown, 337 F. 3d at 1159 (holding prosecutor's promise, that petitioner would be released on parole after serving half of minimum sentence discipline-free, was binding).

It is clearly established federal law that the interpretation of state court plea agreements, and all contractual obligations resulting therefrom, are generally matters of state law. See Buckley v. Terhune, 441 F.3d 688, 694-695 (9th Cir. 2006). "Plea agreements are contractual in nature and are measured by contract law standards." Brown, 337 F. 3d at 1159 (internal quotation and citation omitted). California law requires that courts first look to the plain meaning of the agreement's language. See Buckley, 441 F.3d at 695 (citing Cal. Civ. Code §§ 1638, 1644). "Where it is clear from context what would reasonably have prompted acceptance of the agreement, even in part, no further speculative factual inquiry is needed." Brown, 337 F.3d at 1160.

In determining whether habeas relief is warranted, a district court must consider whether the state court's decision denying relief was "consistent with a proper application of state contract law in interpreting the plea agreement" and, if not, must find "the decision was an 'unreasonable application of' clearly established federal law." Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006). Under California law, "[a] plea agreement violation claim depends upon the actual terms of the agreement, not the subjective understanding of the defendant . . . ." In re Honesto, 130 Cal. App. 4th 81, 92 ( 2005). Consequently, in order for the state court to determine whether the terms of a plea agreement have been violated, the terms of such agreement must be placed on the record. Id. (finding "no evidentiary basis" for petitioner's claim that plea agreement was violated by Board's denial of parole, where petitioner "did not submit a transcript or a declaration from the trial judge, his trial counsel or the prosecutor").

7

Here, there is no evidence in the record that petitioner, in pursuing the instant claim by way of state habeas corpus, presented any state court with evidence of the actual terms of the plea agreement. In particular, there is no indication in petitioner's state habeas petitions that petitioner submitted therewith any documentary evidence to support his assertions of a breach of the plea agreement, such as a transcript of the plea colloquy or sentencing, a copy of the plea agreement, an abstract of judgment, or even a direct citation to any of the above.

Similarly, petitioner has not submitted any evidence to support his claim herein, nor has he provided any reason for his failure to do so. Consequently, although petitioner states in his verified petition that he reasonably believed that by pleading guilty to first degree murder the dismissed charges would not be considered in relation to his eligibility for release on parole, this Court has no way of determining what in fact occurred in state court at the time the plea agreement was entered. In essence, petitioner asks the Court to find the California Supreme Court's determination rejecting his claim was unreasonable, without petitioner's having presented any documentary evidence that reflects an objectively reasonable expectation on petitioner's part, as based on events that occurred some twenty-nine years ago. Cf. Brown, 337 F.3d at 1159-60 (finding plea agreement breached where transcript of plea colloquy clearly showed petitioner relied on prosecutor's promise petitioner would be released on parole after serving half of fifteen-year minimum term provided petitioner did not incur disciplinary infractions)

The Court, upon independent review of the record, finds petitioner has failed to provide sufficient evidence to support his claim that the Board's actions violated his plea agreement. See Hudson v. Kane, 2005 WL 2035590, at *5 (N.D. Cal. 2005) (denying habeas relief; finding Board's denial of parole did not violate plea agreement where terms of plea bargain not disclosed in record before district court); see also Wheeler v. Yarbrough, 352 F. Supp. 2d 1085, 1095-96 (C.D. Cal.2005) (rejecting habeas claim for breach of plea agreement where trial court held evidentiary hearing, both trial court and court of appeal had plea agreement and transcript, and petitioner failed to submit any other evidence sufficient to support his interpretation of agreement). Specifically, there is no documentary evidence in

8

the record to show that the plea agreement included a promise that the Board would not consider the facts underlying the dismissed charges. Based on the absence of such evidence, the Court cannot say petitioner has met his burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784; see Chan v. Kane, 2006 WL 3020906, at *8 (N.D. Cal. 2006), aff'd, 272 Fed. App'x 632 (9th Cir. 2008) (holding state court's determination that Board's unsuitability finding did not violate plea agreement not unreasonable where petitioner did not provide state court with copy of plea agreement or any other documentation in support of his contention).

Accordingly, for the foregoing reasons, the Court concludes the state court's decision denying the instant claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d).

### 3. Due Process and Equal Protection Violations Based on Murder Conviction

Petitioner claims his rights to due process and equal protection were violated by the Board's decision because the Board has a policy of denying parole to prisoners convicted of first degree murder.

#### a. Due Process

The due process portion of this claim is based on petitioner's argument that the Board must have a policy of denying parole to prisoners convicted of first degree murder because the underlying facts of petitioner's commitment offense did not provide a sufficient basis for the Board to deny petitioner parole. Such contention is, in essence, an alternative characterization of petitioner's claim, discussed above, that his right to due process was violated because the Board's decision was not supported by some evidence that petitioner at that time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense. Accordingly, for the reasons discussed above, this claim will be denied.

#### b. Equal Protection

Petitioner claims the Board violated his right to equal protection because the Board treats prisoners convicted of first degree murder differently from those convicted of other

9

crimes.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To prevail on his equal protection claim, petitioner must show he is a member of a class that was denied a benefit available to other, similarly situated individuals, and that such denial was not rationally related to legitimate state interests. See Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir. 1989) (applying rational basis test to prisoner's claim of unequal application of parole consideration criteria).

All inmates applying for parole are not similarly situated. See Houtz v. Deland, 718 F. Supp. 1497, 1501-02 (D. Utah 1989) (citing Sweazea v. Missouri Bd. of Probation & Parole, 742 F.2d 482, 483 (8th Cir. 1984) (per curiam)). Rather, parole decisions, by their very nature, require a parole board to look at the individual circumstances of each prisoner and his crimes. Id. at 1501. "The Constitution does not make it legally impossible for a state, in granting or refusing parole, to make an individualized judgment in each case." Bennett v. People, 406 F.2d 36, 39 (9th Cir.), cert. denied, 394 U.S. 966 (1969).

Under California law the Board is required to review the specific facts of each case and to make an individualized determination as to whether a prisoner is suitable for parole. See In re Lawrence, 44 Cal. 4th 1181, 1221 (2008); see also In re Dannenberg, 34 Cal. 4th 1061, 1083-84 (2005) (holding determination whether inmate poses current danger not dependent upon whether commitment offense was more or less egregious than other similar crimes). When the prisoner has been convicted of murder, the Board must consider not only the commitment offense, but all relevant, reliable information, including:

> the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offense, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of

10

> special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release.

CCR § 2042(b). "Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability." Id.

Consideration of such factors by the Board when deciding whether to grant parole to a convicted murderer is rationally related to the state's legitimate interest in ensuring that only those prisoners who pose no threat to the public safety are released. See Houtz, 718 F. Supp. at 1502.

Here, it is clear from the record that the Board made an individualized determination as to petitioner's suitability for parole and did not deny parole on a group basis. Accordingly, the Court finds petitioner has not established an equal protection violation, and relief on this claim will be denied.

### 4.  Conclusion

Based on the above, the Court finds the Superior Court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Accordingly, the petition for a writ of habeas corpus will be denied.

### C.  Certificate of Appealability

A certificate of appealability will be denied with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

//

//

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: April 11, 2011

                              _____
                              MAXINE M. CHESNEY
                              United States District Judge